IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FREDDIE LEE FELDER,

    Plaintiff,

v.                                                                                                                                           Civil Action No. **3:09CV752**

WILHELM DEN HARTOG, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, submitted this action under 42 U.S.C. § 1983. The matter is before the Court for evaluation pursuant to 28 U.S.C. §1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

Plaintiff seeks damages for events leading to his February 27, 1987 conviction in the Circuit Court for Henrico County ("the Circuit Court") for statutory burglary and discharging a firearm within an occupied building. Plaintiff claims that Defendant Wilhelm den Hartog, a Commonwealth's attorney, altered the indictment in his criminal case. Plaintiff also claims that Defendant Robert M. Wallace, the presiding judge, violated his rights by refusing to relieve his appointed counsel after Plaintiff had hired his own attorney.

### Absolute Immunity from Suit under 42 U.S.C. § 1983

42 U.S.C. § 1983 gave private citizens the power to sue individuals who commit a constitutional violation under color of law. Nevertheless, congress did not thereby "abolish wholesale all common-law immunities" for acts by government officials. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992). Although abuses of official power may sometimes occur, "for some 'special functions,' *Butz v. Economou*, 438 U.S. 478, 508 (1978), it is 'better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.'" *Burns v. Reed*, 500 U.S. 478, 484 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 428 (1976)).

Relevant here are the "cluster of immunities protecting the various participants in judge-supervised trials" that "assure that judges [and] advocates ... can perform their respective functions without harassment or intimidation." *Butz*, 438 U.S. at 512.

### A.     Judicial Immunity

Judges are typically immune to suit for actions in connection with their judicial authority and responsibility. Absolute judicial immunity exists "because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation." *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995). The Supreme Court has explained that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

*Pierson*, 386 U.S. at 554; *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Only two exceptions to judicial immunity exist: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted). Whether an action is judicial in nature "depends upon the 'nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Clay v. Yates*, 809 F. Supp. 417, 423 (E.D. Va. 1992) (*quoting Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Clearly, only a judge would normally rule on a criminal defendant's motion to substitute counsel. Because Defendant Wallace acted in his capacity as a judge of the Circuit Court, the first exception to judicial immunity does not apply.

A judge's immunity to suit is also abridged when he or she "undertakes to act in an area where he has no subject matter jurisdiction." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (finding state court judge was immune to suit where his court had general subject matter jurisdiction over divorce and child custody case). When the Court in which a judge sits has jurisdiction to act in the area, however, a judge will retain immunity even though he or she acts in excess of his or her authority. *King v. Myers*, 973 F.2d 354, 356-57 (4th Cir. 1992) (distinguishing between acts "in 'excess

3

of jurisdiction'" and acts "performed in the 'clear absence of all jurisdiction over the subject-matter'" (*quoting Stump*, 435 U.S. at 356 n.6)). Thus:

> [I]f a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offenses, jurisdiction over the subject of offences being entirely wanting in the court . . . his commission would afford no protection to him in the exercise of usurped authority. But if on the other hand a judge of a criminal court . . . should hold a particular act to be a public offence, which is not by the law made an offence, and proceed to the arrest and trial of a party charged with such act, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability . . . would attach to the judge, although those acts would be in excess of . . . the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject-matter is invoked.

*Tucker v. Outwater*, 118 F.3d 930, 934 (2d Cir. 1997) (*citing Bradley v. Fisher*, 80 U.S. 335, 352 (1871)).

At the time of Plaintiff's conviction, Virginia Circuit Courts had original jurisdiction over felonies and misdemeanors for which an indictment is filed. Va. Code. §§ 19.2-239 (West 1987) (giving jurisdiction over all crimes initiated by indictments to circuit courts); 16.1-126 (West 1987) (providing that jurisdiction over certain misdemeanors in district courts does not affect the jurisdiction of circuit courts over misdemeanors initiated by indictment). Because Defendant Wallace did not act in the clear absence of jurisdiction when he denied Plaintiff's request to substitute counsel, Defendant Wallace is absolutely immune from suit by Plaintiff. It is therefore RECOMMENDED that Plaintiff's claim against Defendant Wallace be DISMISSED.

### B. Prosecutorial Immunity

Like judicial immunity, absolute prosecutorial immunity exists to guarantee the efficient functioning of our system of justice. Exposing prosecutors to civil liability for actions taken in the course of enforcing criminal laws would both "cause a deflection of the prosecutor's energies from his public duties" and compromise "the independence of judgment required by his public trust." *Imbler*, 424 U.S. at 423. Subjecting individual prosecutors to "the constant dread of retaliation" by convicted criminals filing civil lawsuits would severely impair the execution of the prosecutorial function. *Van de Kamp v. Goldstein*, 129 S. Ct. 855, 859 (2009) (*quoting Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949)). Thus, prosecutors are absolutely immune from suit for actions taken in the course of performing their official functions.

Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. It does not extend, however, to non-prosecutorial functions that happen to be performed by a prosecutor. *See, e.g., Van de Kamp*, 129 S. Ct. at 861-62 (holding that immunity does not apply to "administrative tasks" that are not "directly connected with the conduct of a trial," such as hiring, maintenance, and payroll); *Kalina*, 522 U.S. at 129-30 (ruling prosecutor not entitled to immunity for allegedly false statements made to obtain arrest warrant because she "performed an act that any competent witness might have performed" under state law).

Plaintiff claims that Defendant den Hartog violated his rights by altering his indictment for burglary to specify that Plaintiff was armed with a deadly weapon.[1] Presenting indictments is within the scope of the duties of a prosecutor "in initiating a prosecution," and Defendant den Hartog is therefore "immune from a civil suit for damages" notwithstanding the alleged misconduct in performing those duties. *Imbler*, 424 U.S. at 431. Because Defendant den Hartog performed a prosecutorial function in initiating prosecution on the allegedly altered indictment, he is absolutely immune from suit. Accordingly, it is RECOMMENDED that Plaintiff's claims against Defendant den Hartog be DISMISSED.

(July 6, 2010 Report and Recommendation.) The Court advised Plaintiff that he could file objections to the Report and Recommendation or an Amended Complaint within fourteen (14) days of the date of entry thereof. The parties did not object to the Amended Report and Recommendation.

---

[1] On September 8, 1986, Plaintiff was indicted for breaking and entering an occupied dwelling in the daytime with intent to commit murder, while armed with a deadly weapon, under Section 18.2-90 of the Virginia Code. (Compl. Ex. A.) On September 30, 1986, the Circuit Court granted the prosecutor's motion to amend the indictment "to read 'break and enter in the daytime the dwelling house of [the victim] while said dwelling house was occupied with intent to commit assault...' (Virginia Code Section 18.2-92)." (Compl. Ex. B (ellipsis in original).) The September 30, 1986 Order refers to the original indictment as being issued for "breaking and entering in the daytime with the intent to commit murder (Virginia Code Section 18.2-90)." (Compl. Ex. B.) The handwritten changes to the original indictment, dated September 30, 1986, comport with the Circuit Court's order. They do not add the language "while armed with a deadly weapon," which was already present according to Plaintiff's own admission. (Compl. ¶ 5.) Thus, Plaintiff's claim also appears to be without factual support.

5

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which the parties do not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. THE AMENDED COMPLAINT

The Amended Complaint is identical to the first in all material respects. Plaintiff's Amended Claims One, Two, and Three concern the Circuit Court's grant of the prosecutor's motion to amend Plaintiff's indictment. Amended Claim Four reads, "Plaintiff was tried on February 27, 1987 for statutory burglary with a jury and was found guilty." (Am. Compl. 3.) Amended Claim Five complains of the Circuit Court judge "den[ying] plaintiff of the jury verdict." (Am. Compl. 3.) Finally, Amended Claim Six states that the Circuit Court judge denied Plaintiff the counsel of Plaintiff's choice.

The Magistrate Judge's analysis in the Report and Recommendation applies with equal force to the Amended Complaint. The doctrines of judicial and prosecutorial immunity bar the

claims Plaintiff raises in his Amended Complaint. Accordingly, the Report and Recommendation will be ACCEPTED AND ADOPTED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 3-15-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge